UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                    Case No. 14-CR-189

TODD A. BRUNNER and
SHAWN A. BRUNNER,

    Defendants.

## ORDER DESIGNATING CASE AS COMPLEX AND GRANTING CONTINUANCE UNDER SPEEDY TRIAL ACT

On October 7, 2014 a grand jury in this district returned a sixteen count indictment against the defendants Todd A. Brunner and Shawn A. Brunner. The indictment alleges in counts one through eight, bank fraud against Todd A. Brunner in violation of 18 U.S.C. § 1344(2) and 2; in counts nine through eleven, bank fraud against Todd A. Brunner and Shawn A. Brunner in violation of 18 U.S.C. § 1344(1) and 2; in count twelve, concealing assets in bankruptcy against Todd A. Brunner in violation of 18 U.S.C. § 152(1); in counts thirteen through fourteen, false declaration in bankruptcy against Todd A. Brunner in violation of 18 U.S.C. § 152(3); in count fifteen, false oath and account in bankruptcy against Todd A. Brunner in violation of 18 U.S.C. § 152(2); and in count sixteen, false oath and account in bankruptcy against Shawn A. Brunner in violation of 18 U.S.C. § 152(2).

During the defendants' October 20, 2014 arraignment and plea hearing, the government moved to designate the case as complex. In support of its motion, the government pointed to

the fact that this case arises from a two year investigation and involves voluminous discovery. Regarding the volume of discovery, the government stated that it consists of 45,875 pages of discovery materials as well as twenty-two boxes of evidence seized during the execution of search warrants. The discovery consists of mostly documentary materials, in addition to several videotapes. The discovery materials include documents from the bankruptcy courts, interviews, and records from the Milwaukee County Register of Deeds, the Waukesha County Register of Deeds, the Wisconsin Department of Transportation, and the Wisconsin Department of Natural Resources. The defendants do not oppose this motion.

Based on the information provided at the October 20, 2014 arraignments, the Court finds that due to the volume and scope of the discovery, it is appropriate to grant this motion. Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the ends of justice served by taking this action outweigh the best interest of the public and the defendants in a speedy trial. The Court makes this finding because, taking into account the exercise of due diligence, a failure to grant such a continuance would deny counsel for the defendants the reasonable time necessary for effective preparation. Therefore, the time between the October 20, 2014 arraignments and the date to be scheduled for the pretrial scheduling conference is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**NOW, THEREFORE, IT IS ORDERED** that the government's request to designate the case as complex and for a continuance of the time limits set forth in 18 U.S.C. § 3161(c)(1) is hereby **GRANTED**.

**FURTHER, IT IS ORDERED** that the time between October 20, 2014 and the date of the pretrial scheduling conference is excluded from the speedy trial deadline of 18 U.S.C. §

3161(c)(1).

**FURTHER, IT IS ORDERED** that a pretrial scheduling conference for counsel only before Magistrate Judge Nancy Joseph will be scheduled by separate notice.

Dated at Milwaukee, Wisconsin this 20th day of October, 2014.

BY THE COURT

 *s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge